# SUPERIOR COURT OF BALTIMORE CITY.

Filed June 29, 1905.

### WESTERN NATIONAL BANK
### VS.
### OSCAR WOLFF ET AL.

*Niles & Wolff* for petitioners.

*W. Burns Trundle* and *E. T. Dickerson* for the Bank.

BAER, J.—

Application is made in this case by garnishees for the allowance of counsel fees under Article 9, Section 16 of the Code.

One is by Niles & Wolff, who appeared and confessed assets, judg-

ment being taken for the amount confessed. This application must be denied for the reason, that the words of the statute, counsel fees are to be allowed in cases where assets are confessed, if the garnishee "appear in court on the return day of the attachment, or within four days thereafter, and confess the amount, etc., and if the plaintiff will not take judgment of condemnation for the amount so acknowledged, but shall claim a larger sum," and the plaintiff shall not recover a larger amount than the garnishee acknowledged. It appears in this case that the confession of assets was not made until sometime after the lapse of four days from the return day of the attachment, and it further appears that the plaintiff did not claim a larger sum, but took judgment of condemnation for the amount acknowledged.

The other applications are made on the part of garnishees who appeared and pleaded "nulla bona." These applications are based upon the concluding part of Section 16 of Article 9, that "in all cases, where, upon a plea of nulla bona, judgment shall be entered for the garnishee, the plaintiff in addition to the taxed costs of the suit, shall be adjudged to pay to the garnishee reasonable counsel fees to be fixed by the court." In these two cases the plaintiff filed orders of "off" and the petitioners contend that, upon such an order being filed, there is a judgment for costs, and that this is a judgment for the garnishee, bringing the case within the language of Section 16 above quoted. It appears from the authorities in this State and elsewhere, that where the plaintiff directs a discontinuance of the suit, by giving the clerk an order to enter it "off," the full record will show a judgment against the plaintiff for the costs of the suit. Evans Prac., p. 315, Freeman on Judgments, Sec. 17.

It seems to me that, looking at the whole of Section 16 of Article 9, it was intended that, where the garnishee is actually compelled to try the issue joined upon the plea of "nulla bona," and there is a verdict for the defendant, and judgment on this verdict, that counsel fees are to be allowed. It will be observed that in the case where assets are confessed, counsel fees are only to be allowed, where the "plaintiff will not take judgment of condem-

nation for the amount so acknowledged, but shall claim a larger sum," thereby forcing a trial upon the garnishee, and there is a failure to recover a larger sum.

I can see no reason why counsel fees should be allowed the garnishee for simply appearing and pleading "nulla bona," and not be allowed when he appears and confesses assets and no trial is had. The object of the act in both cases is to reimburse the garnishee for the money he is forced to expend for counsel fees, where the plaintiff will not, in the one case accept his confession of assets, and in the other, his plea of "nulla bona," and force him to trial. When the latter plea is interposed and the plaintiff accepts it by discontinuing the suit, the garnishee's counsel is compensated, in contemplation of law, for appearing in the case and filing the plea, by the attorney's fee, which is a part of the costs for which the garnishee has a judgment. All three of the applications for the allowance of fees must be dismissed.